UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,            Case No. 04-cr-281-pp

    Plaintiff,

v.

WILLIAM OTERO,

    Defendant.

---

**ORDER DENYING DEFENDANT'S REQUEST FOR SENTENCING TRANSCRIPTS (DKT. NO. 181)**

---

On December 7, 2004, a grand jury indicted the defendant. Dkt. No. 10. Attorney Dan Resheter ended up representing the defendant, dkt. no. 20, and after the parties litigated various pretrial motions, the case went to trial before Judge Rudolph T. Randa, dkt. no. 69. The jury returned guilty verdicts against the defendant on two counts of the indictment. Id.

The defendant appealed his conviction and sentence. Dkt. No. 114. On August 13, 2007, the Seventh Circuit Court of Appeals affirmed in part, and vacated and remanded in part. Dkt. No. 158. Because of the remand, Judge Randa amended the judgment. Dkt. No. 160. Just shy of two years later, the defendant filed a *habeas* petition under 28 U.S.C. §2255. Dkt. No. 166. Judge Randa denied that motion on August 18, 2015. Dkt. No. 170. On July 28, 2016, the defendant filed another *habeas* petition under §2255. Dkt. No. 179. This court denied that petition on April 27, 2017. See Otero v. United States, Case No. 16-cv-994, E.D. Wis. (Pepper, J.), dkt. no. 7.

1

On June 5, 2017, the court received a letter from the defendant, asking the court to help him obtain the transcripts of his July 19, 2005 sentencing hearing. Dkt. No. 181. The defendant indicates that he corresponded with the court reporter who'd recorded the sentencing, asking her for the transcripts, but that she had told him that under the court's rules, the transcripts had been destroyed some two years ago. The defendant reasoned that, because he had been in some form of post-conviction litigation (appealing, filing *habeas* petitions) for a number of years, he "suspect[ed]" that the transcripts were "most likely" in the case file that either this court or "Your Clerk of Court" might possess. So he asked the court to help him get the transcripts, so that he could expeditiously file post-conviction motions. Id.

The court is not sure what motions the defendant is contemplating. Judge Randa imposed the original sentence almost twelve years ago, and the amended sentence almost ten years ago. The defendant already has filed one appeal and two *habeas* petitions. Many post-conviction motions deadlines—perhaps all of those deadlines—have passed. But the court leaves that to the defendant.

The court cannot provide the defendant with his sentencing transcripts, because it does not have them. First, as the defendant knows, Judge Randa presided over his case; this court received the case after Judge Randa's death in September 2016. This court does not keep paper files; all of this court's documents reside in the court's electronic database. Judge Randa *did* keep paper files, but—as Judge Randa's court reporter apparently already has told

2

the defendant—the court has a document retention/destruction policy. Judges who keep paper files do not keep them forever.

Here is what happened in the defendant's case:

The defendant filed his notice of appeal on July 20, 2005. Dkt. No. 114. A day later, the docket indicates, the clerk's office prepared the appellate record to send to the Seventh Circuit. The docket notation indicates that the record consisted of "1 vol. pleadings & 4 transcript." On April 5, 2006, the clerk's office sent the pleadings and transcripts to Attorney Jason R. Epstein in Chicago—the court assumes that this is the lawyer who represented the defendant on appeal. Dkt. No. 147. The attached cover letter stated, "I am enclosing one (1) volume of pleadings the docket sheet and (4) volumes of transcripts in this case for your review." Id. The letter also required Attorney Epstein to acknowledge receipt of those documents, and to return the original documents to the clerk of court by April 26, 2006. Id. Thus, Attorney Epstein had about three weeks to copy whatever portions of the record he wanted to copy, and then to return the documents to the clerk. The clerk's office sent the certified record to the court of appeals on December 11, 2006, and the appellate court received it on December 18, 2006, dkt. no. 155.

The Seventh Circuit issued its decision on August 13, 2007. Dkt. No. 158. Two days later, that court returned the record (including the four volumes of transcripts) to the clerk of court for the Eastern District of Wisconsin. Judge Randa issued the amended judgment that same day. Dkt. No. 160.

3

On March 12, 2008, the clerk's office sent a letter to every lawyer who'd appeared in the case—the prosecutor (Jonathan H. Koenig), and three defense attorneys (Calvin R. Malone, Daniel D. Resheter, Jr. and Robert W. Keller). Dkt. No. 161. The letter told all of the lawyers that if they wanted trial exhibits, they should contact the clerk's office by March 26, 2008. Id. The letter explained that any unclaimed exhibits would be destroyed. Id. Apparently none of the lawyers asked for any of the exhibits or documents, because on March 31, 2008, the clerk's office destroyed the documents. Dkt. No. 162.

The court notes that on March 29, 2017, the clerk's office received a letter from the defendant, asking for a copy of the docket, a copy of the sentencing memo his lawyer (Dan Resheter) prepared, and a copy of the sentencing transcripts. Dkt. No. 180. The court encloses with this order a copy of the docket to date (which it printed off of the court's electronic case management computer program), a copy of Resheter's sentencing memo (from the same source), and a couple of other documents the defendant might find of use. The court cannot, however, print the transcripts off of the computer program, because at the time the defendant was sentenced, and then appealed, the court did not digitize exhibits—the court is not even sure if the clerk's office had the ability to digitize exhibits in 2007-2008.

Thus, the court cannot provide the defendant with the transcript of his sentencing. All the court can suggest is that the defendant contact one of his prior lawyers—Mr. Resheter, or perhaps Mr. Epstein in Chicago—and see if they retained the transcripts.

The court **DENIES** the defendant's request for sentencing transcripts. Dkt. No. 181.

Dated in Milwaukee, Wisconsin this 7th day of June, 2017.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**